**Jacqueline BURNS, Plaintiff–Appellant,**

v.

**WINDSOR INSURANCE CO., Defendant–Appellee.**

No. 93–6453.

United States Court of Appeals, Eleventh Circuit.

Sept. 13, 1994.

Thomas J. Knight, Knight, Nichols & Turner, Anniston, AL, for appellant.

J. Bentley Owens, III, Starnes & Atchison, Walter W. Bates, Steven T. McMeekin, Birmingham, AL, for appellee.

Before HATCHETT and EDMONDSON, Circuit Judges, and SMITH,* Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case was removed to federal court from state court. The appeal asks whether federal diversity jurisdiction exists when plaintiff, in state court, seeks an award of actual and punitive damages "in such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00", but plaintiff admits to the federal court she may, if circumstances change, amend her initial complaint in the future and seek more damages.

*BACKGROUND*

In 1990, appellant Jacqueline Burns bought a car insurance policy from Windsor

---

* Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Insurance Company ("Windsor"). The policy included no uninsured motorist coverage. Burns was later involved in a collision with an uninsured motorist. Believing she was covered, she filed a claim with Windsor. Windsor denied the claim.

Burns then filed suit in Alabama state court alleging fraud, breach of contract, bad faith failure to pay an insurance claim, and negligence. She sought actual and punitive damages "in such sum as the jury determines to be just, lawful, and fair, but not more than $45,000 plus costs." In December 1991, Windsor filed for removal on the basis of diversity under 28 U.S.C. §§ 1332 & 1441.[1]

Burns sought a remand, and Windsor opposed it. Windsor argued the amount in controversy actually exceeded $50,000 and that Burns' request to cap her damages was illusory. The self-imposed limit, Windsor said, was designed only to defeat diversity jurisdiction.

Then, the district court entered an order requiring Burns, to obtain a remand to state court, to file a statement that she would, in the future, attempt to collect no more than $50,000. She responded that her present claim was for $45,000 (for which she offered to settle immediately), but that the amount may change "upon a worsening health condition of the plaintiff, or perhaps greater punitive damages would be justifiable if facts discovered during the litigation showed a more sinister or oppressive character." After she refused a second opportunity to agree never to seek more than $49,999, the court denied Burns' motion to remand.[2] Burns appeals.[3]

*DISCUSSION*

 In the typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $50,000. Such a case will not be dismissed unless it appears to a "legal certainty" that plaintiff's claim is actually for less than the jurisdictional amount. *St. Paul's Indemnity Corp. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). In the typical removal case, a plaintiff files suit in state court seeking over $50,000. The defendant can remove to federal court if he can show, by a preponderance of the evidence, facts supporting jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). These standards give great weight to plaintiff's assessment of the value of plaintiff's case.

Neither of these general rules fits our atypical case. Here, plaintiff filed suit in state court specifically requesting $45,000, five thousand dollars less than the jurisdictional amount. Defendant says plaintiff's prayer is illusory, that she actually intends to recover more than $50,000; so, the case should remain in federal court. As support, defendant stresses that Alabama Rule of Civil Procedure 54(c) allows a fact finder to give a plaintiff any relief she is entitled to, even if she asked for less. And, defendant points to plaintiff's refusal to sign a stipulation precluding her from ever amending her claim to seek damages over $50,000.[4] Defendant ar-

1. Section 1441 reads:
 (a) " ... [A]ny civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed to the district court of the United States for the district and division embracing the place where such action is pending ... "
 A district court has jurisdiction over all cases in which the matter involves citizens of different states and "the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs ... " 28 U.S.C. § 1332(a) & (a)(1).

2. Burns attempt at an interlocutory appeal on this issue was denied. She then sought leave to amend her complaint to add a non-diverse defendant. This motion was also denied.

3. Citing Alabama law, the district court ultimately granted Windsor's motion for summary judg-

ment. Because we believe the district court did not have jurisdiction, we do not reach the summary judgment issue.

4. Defendant's concern is 28 U.S.C. § 1446(b). This provision provides a one year limit on the time in which a defendant can remove. If plaintiff amends her claim and seeks damages above the jurisdictional amount after one year from the date she filed suit, defendant cannot remove. So, a plaintiff who artfully pleaded his claim could avoid federal jurisdiction. Because we believe such a result (*if* it is not good policy) should be remedied by congressional and not judicial action, we do not place much stress on this potential.

gues that, as the party seeking jurisdiction, it should receive the benefit of the *St. Paul's* "legal certainty" test. That is, the case should remain in federal court unless it appears to a legal certainty that the claim is for less than $50,000. We disagree.

■ Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987); *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Gafford v. General Electric,* 997 F.2d 150 (6th Cir. 1993); *see also, Insigna v. LaBella,* 845 F.2d 249, 253–54 (11th Cir.1988); *Lane v. Champion Int'l Corp.,* 844 F.Supp. 724, 731 (S.D.Ala.1994); *see generally,* Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"); *see also, St. Paul's,* 303 U.S. at 294, 58 S.Ct. at 592. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3rd Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *see also Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983) (when defendant removes alleging nondiverse defendant was joined to defeat diversity, if there is chance plaintiff will recover against non-diverse defendant, case should be remanded).

Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plain-tiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000 in damages. Therefore, no jurisdiction exist on the face of plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?

■ We believe the defendant's burden of proof must be a heavy one. *Cf. Boyer,* 913 F.2d at 110–112. Every lawyer is an officer of the court. And, in addition to his duty of diligently researching his client's case, he always has a duty of candor to the tribunal.[5] So, plaintiff's claim, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer.

■ By his assertions, defendant in this case essentially argues that opposing counsel is falsely assessing the case or is incompetently doing so. Considering the specific nature of plaintiff's damage claim, we conclude that, to avoid a remand, defendant must prove to a legal certainty that plaintiff's counsel has, in effect, done one or the other. That is, defendant must prove to a legal certainty that plaintiff's claim must exceed $50,000. This strict standard is consistent with case law and congress' policy of limiting

---

5. The duty of candor goes beyond the moral duty imposed on counsel by ethical codes or good conscience. Under Alabama Rule of Civil Procedure 11, counsel must sign each pleading, motion or other document he submits to the court. His signature is a "certificate by him that he has read the [submission]; [and] that to the best of his knowledge, information and belief, there is good ground to support it …". The rule also states that "[f]or a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action." Ala.R.Civ.P. 11.

federal diversity jurisdiction.[6]

The Fifth Circuit recently reached a similar conclusion in *Kliebert v. Upjohn Co.*, 915 F.2d 142 (5th Cir.1990).[7] In *Kliebert,* the plaintiff sought exactly $10,000.[8] Defendants removed, claiming this amount was not pled in good faith. Defendant offered proof of higher damage awards in similar cases and also argued that plaintiffs would amend after the year deadline to thwart removal. The court considered imposing a light burden on defendant. But, the court concluded that plaintiff's claim was entitled to deference and that anything less than requiring defendant to prove that, should plaintiff prevail, she would be entitled to at least the jurisdictional amount was too permissive. We agree. *Cf. Boyer,* 913 F.2d at 110–112 (finding that when removing defendant charges plaintiff has fraudulently joined non-diverse defendants to defeat diversity jurisdiction, defendant bears a "heavy burden of persuasion", *quoting, Steel Valley Auth. v. Union Switch*

*& Signal,* 809 F.2d 1006, 1010 & 1012 n. 6 (3rd Cir.1987)).[9]

Adopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000. *See Kliebert,* 915 F.2d at 147. The standard is an objective one; plaintiff's or plaintiff's counsel's subjective intent in drafting the prayer is not the true issue.[10]

Unlike the rule this Court adopts, Windsor's approach would greatly expand federal diversity jurisdiction. Under defendant's proposed rule, anytime a plaintiff sued for less than the jurisdictional amount but there remained even a possibility that she would amend her claim or be awarded more than

6. Some authority suggests that when plaintiff seeks less than the jurisdictional amount, the case cannot be removed as a matter of law—defendant gets no chance to prove jurisdiction. *See St. Paul's,* 303 U.S. at 292, 58 S.Ct. at 592 ("If [plaintiff] does not desire to try his case in federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would justly be entitled to more, the defendant cannot remove); *cf. Iowa City RY. v. Bacon,* 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915) (finding that when jurisdictional amount was $2,000 and plaintiff's damages were $10,000, but he requested only $1,990, defendant could not remove). But, we do not follow this absolute standard because these cases were decided when different rules about pleading damages (in general, much more strict) and about jurisdiction were in effect. We think we are not bound by these old cases, although they are decisions of the Supreme Court. But, these cases do support the fundamental principle that plaintiff is the master of his own claim.

Taking a different approach to a similar question, several courts have applied a less difficult standard. *See, e.g., Gafford v. General Electric,* 997 F.2d 150 (6th Cir.1993) (applying a "preponderance of the evidence" standard); *Asociacion Nacional de Pescadores v. Dow Quimica,* 988 F.2d 559 (5th Cir.1993) (hereinafter ANPAC); *Garza v. Bettcher Industries,* 752 F.Supp. 753 (E.D.Mich.1990). But, in all of those cases, the amount of damages sought by plaintiff was *unspecified.* Our case presents a different legal issue. *See Angus v. Shiley Inc.,* 989 F.2d 142, 146 n. 4 (3rd Cir.1993); *Gafford,* 997 F.2d at 157–58.

In the removal cases defendant relies on, the court looked beyond the face of the complaint to determine whether jurisdiction existed. *See, e.g., Richman v. Zimmer,* 644 F.Supp. 540 (S.D.Fla. 1986). But, again, in those cases, the plaintiff alleged "damages in excess" of a certain amount she set below the jurisdictional requirement. These cases are not persuasive given our facts.

7. The *Kliebert* opinion was vacated after the case was accepted en banc, and the parties settled the case before it could be heard by the whole court. Still, we find the court's reasoning instructive.

8. At the time, the jurisdictional amount was in excess of $10,000.

9. Cases discussing the burden of proof on a removing defendant who asserts fraudulent joinder are instructive. If there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand to that state court." *Coker v. Amoco Oil,* 709 F.2d 1433, 1440–41 (11th Cir.1983); *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir.1962). In a similar way, we conclude that when plaintiff's complaint specifically seeks less than $50,000, if there is a chance that a state court would award a prevailing plaintiff less than the jurisdictional amount, a federal court must remand the case.

10. To the extent, if any, that *Kliebert* holds that defendant must always prove plaintiff's "bad faith" to prevail, that is dishonesty, we decline to follow that case.

she pleaded, jurisdiction would exist. This approach would unacceptably broaden removal jurisdiction. *See generally* 14A Wright & Miller, Federal Practice and Procedure §§ 3702, 3725 (noting that adopting such a rule would render jurisdictional amount requirements meaningless). Also, Windsor's approach would allow state rules of procedure to determine when federal jurisdiction existed.[11] This approach could lead to inconsistent application of federal jurisdictional rules. *Cf. Continental Carriers, Inc. v. Goodpasture,* 169 F.Supp. 602, 603 (S.D.Ga.1959) (noting that treating compulsory and optional counterclaims differently for purposes of determining amount in controversy would make federal removal practice dependent on state procedure). We are unwilling, without congressional guidance, to construe the removal statute in such a way that it would expand federal court jurisdiction or promote inconsistent application of the removal rule.[12]

Having determined what defendant must show to remain in federal court, we find defendant has not met his burden of proof. Defendant has offered nothing more than conclusory allegations that predict that plaintiff intends to wait a year from her filing date and then boost her damage request. Plaintiff on the other hand has offered to settle the case for $45,000. While this settlement offer, by itself, may not be determinative, it counts for something. Defendant also offered no proof that plaintiff's prayer is grossly inconsistent with her alleged damages.[13] Her awareness that she "could"—given the power of the court to award more than is requested—recover more is not enough to prove jurisdiction in the face of plaintiff's specific pleading. The case should have been remanded to state court.

## CONCLUSION

We conclude that because plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below $50,000. The possibility that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction now. Under these facts, defendant did not meet its burden of proof.

**VACATED and REMANDED.**

---

**11.** For example, in the minority of states where damage awards cannot exceed the amount specified in the *ad damnum* clause, jurisdiction in this case would be lacking. But in the majority of states which have rules similar to Alabama's rule (modeled on the federal rule), the case could be removed.

**12.** In addition, we are not convinced that congress would find the result Windsor fears (that is, an amendment for greater damages after the one year deadline for removal) to be bad. The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would *attempt to defeat diversity* by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

**13.** Defendant relies heavily on plaintiff's position that *"at present* her demand is only $45,000" (emphasis in original) and stresses the fact that she may ultimately recover more. Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal. See Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *Coker,* 709 F.2d at 1440; *ANPAC,* 988 F.2d at 564–65. At the time defendant removed this case, the most important jurisdictional fact was that plaintiff's complaint specified $45,000 in damages. That plaintiff *might* ask for or recover more *after* removal is not sufficient to support jurisdiction. *ANPAC,* 988 F.2d at 564–65; *see also Opelika Nursing Home v. Richardson,* 448 F.2d 658, 664 (5th Cir.1971).