**Kay RANSOM and Henry Ransom, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 3:96–CV–4 (DF).**

United States District Court,
M.D. Georgia,
Athens Division.

March 15, 1996.

Kenneth Kalivoda, Athens, GA, for plaintiffs.

Anthony A. Rowell, Howard M. Lessinger, Atlanta, GA, for defendant.

### *ORDER*

FITZPATRICK, Chief Judge.

Before this court is Plaintiffs' motion to remand their personal injury action to the Superior Court of Walton County, Georgia. Plaintiffs contend that the amount in controversy does not exceed $50,000 as required by 28 U.S.C. § 1332(a), thereby depriving the court of subject matter jurisdiction. Defendant opposes this motion on the ground that it is not "legally certain" that Plaintiffs could not recover the jurisdictional amount.

 The rationale underlying the "legal certainty" test does not apply to the facts of this case. The "legal certainty" test originated in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). *Shear Healthcare Resources, Inc. v. TNI, Inc.*, No. 94–572–Civ–

T–17–C, 1994 WL 383936, at *1 (M.D.Fla. July 15, 1994). In *St. Paul*, this test applied for purposes of determining whether a case *originally filed in federal court* should be dismissed. "Such a case will not be dismissed unless it appears to a "legal certainty" that plaintiff's claim is actually less than the jurisdictional amount." *Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1094 (11th Cir.1994). This test effectively created a *presumption against dismissing* the case from federal court. However, *St. Paul* did not address the situation in which the plaintiff originally filed suit in state court and did not assert a specific amount of damages.

In *Burns v. Windsor Insur. Co.*, 31 F.3d 1092 (11th Cir.1994), the Eleventh Circuit refused to apply the "legal certainty" test when the plaintiff *originally filed suit in state court* for damages less than $50,000. *Id.* at 1095. The Eleventh Circuit held that when a plaintiff's complaint alleges damages less than the jurisdictional amount, the defendant seeking to avoid remand "must prove to a legal certainty that plaintiff's claim must exceed $50,000." *Id.* Thus, the court effectively created a *presumption in favor of remanding* the case to state court. The court reasoned that because every lawyer is an officer of the court, plaintiff's specific claim "deserves deference and a presumption of truth." *Id.*

At a glance, the standards applied in *St. Paul* and *Burns* appear to be irreconcilable. However, they are guided by the same principle, namely, creating a presumption in favor of the plaintiff's forum choice. The Eleventh Circuit endorsed this principle in *Burns*:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id.* at 1095.

■ The facts of this case are not addressed by either *St. Paul* or *Burns*. *Shear Healthcare Resources, Inc.*, at *1 (citing *Warth v. State Farm Fire & Cas. Co.*, 792 F.Supp. 101, 103 (M.D.Fla.1992)). Plaintiffs originally filed suit in state court, but did not request a specific amount of damages. Without a specific claim of damages, the court cannot rely on the safeguards of Rule 11 to justify applying the *Burns* standard. At the same time, however, the removing party bears the burden of establishing the jurisdictional requirements, including the amount in controversy. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Burns*, 31 F.3d at 1094 (cited in *Bolling v. Union National Life Insur. Co.*, 900 F.Supp. 400, 403 (M.D.Ala.1995)). In an effort to balance these countervailing concerns, courts have substantially reduced the burden of proof imposed on the defendant.

■ Two district courts in this circuit have held that when the plaintiff's complaint does not allege a specific amount of damages, the case should be remanded unless the defendant proves by a preponderance of the evidence that the amount in controversy exceeds $50,000. *Shear Healthcare Resources, Inc.*, at *2 (M.D.Fla.1994); *Bolling v. Union National Life Insur. Co.*, 900 F.Supp. 400, 404 (M.D.Ala.1995). Although the Eleventh Circuit has yet to adopt this standard, it has been adopted by the Fifth, Sixth, Seventh, and Ninth Circuits. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir.1993); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). This standard affords great deference to the plaintiff's forum choice without rendering removal obsolete. Therefore, when the plaintiff's complaint does not allege a specific amount of damages, remand is appropriate unless the removing defendant can prove by a preponderance of the evidence that the amount in controversy exceeds $50,000.

■ Defendant can satisfy its burden of proof by showing that the Plaintiffs' verdict reasonably may exceed $50,000. *Bolling*, at 405. In support of this claim, Defendant cites Plaintiffs' complaint. Plaintiff Kay Ransom allegedly was "seriously injured" when a wooden garden swing collapsed while she was seated on it. Plaintiffs contend that as a result of Defendant's negligence, Kay Ransom has "incurred medical expenses, lost

wages, and endured pain and suffering, both mental and physical." In addition, Plaintiff Henry Ransom has suffered a "loss of consortium."

Defendant has not demonstrated by a preponderance of the evidence that the Plaintiffs' verdict reasonably may exceed $50,000. Plaintiffs' complaint does not set forth the medical expenses or the lost wages incurred to date. Other than the damages claims noted above, the complaint is devoid of any data suggesting the amount of damages or the extent of Kay Ransom's injuries. If the mere allegation that the plaintiff was "seriously injured" sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless.

Because this court is not convinced that Plaintiffs' verdict reasonably may exceed $50,000, this case must be remanded to state court. *Burns,* at 1095. Accordingly, Plaintiffs' Motion to Remand is hereby **GRANTED.** All other pending motions are hereby **DISMISSED** as moot.

SO ORDERED.