[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12676
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23946-RNS

BONNIE LUCAS,
RICHARD LUCAS,
each individually and as husband and wife,

Plaintiffs - Appellants,

versus

USAA CASUALTY INSURANCE COMPANY,
an Insurance Company authorized to do business in Florida,

Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 15, 2017)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

This case stems from a November 9, 2014 automobile accident in which another driver struck plaintiff Bonnie Lucas's car. Plaintiffs Bonnie and Richard Lucas, wife and husband, filed this lawsuit seeking coverage under their underinsured vehicle insurance and now appeal the district court's dismissal of their third amended complaint and striking of their fourth amended complaint. After thorough review, we affirm.

## I.  PROCEDURAL HISTORY

On July 7, 2016, the Lucases filed this case in state court in Miami-Dade County, Florida. On August 5, 2016, the Lucases filed a first amended complaint in that same state court. On September 14, 2016, defendant USAA Casualty Insurance Company ("USAA") removed the case to the United States District Court for the Southern District of Florida, citing the district court's diversity jurisdiction.[1]

---

[1]While later complaints filed in the district court alleged an amount in controversy of only over $15,000, we determine the existence of diversity jurisdiction at the time of removal, and if a plaintiff reduces the claim after removal the district court retains still jurisdiction. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016). When USAA removed this case there were sufficient allegations in the first amended complaint to establish an amount in controversy of over $75,000 because while the first amended complaint stated that the amount of monetary damages exceeded $15,000 it also claimed that the value of the claims and injuries exceeded $400,000, which was the policy limit. Moreover, upon removal USAA submitted a demand letter from the Lucases's counsel which demanded the $400,000 policy limit and detailed various expenses that well exceeded $75,000. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that when the complaint states an amount in controversy below the jurisdictional requirement, the removing defendant must prove "to a legal certainty" that the claim exceeds the required amount in controversy).

## A.     Second Amended Complaint

On September 15, 2016, USAA filed a motion to dismiss.  On October 14, 2016, the district court issued a scheduling order, which, among other things, set November 18, 2016 as the deadline to amend pleadings.

On December 16, 2016, the district court granted USAA's motion to dismiss and dismissed the first amended complaint without prejudice, giving the Lucases the opportunity to file a second amended complaint.  In doing so, the district court explained that the first amended complaint violated Federal Rule of Civil Procedure 10(b) because it lacked organizational clarity and because it failed to include—as it must to sustain an underinsured motorist claim under Florida law—allegations supporting the finding of liability and damages against the underinsured motorist who struck Mrs. Lucas's car.  The district court also found that the first amended complaint consisted only "of ten continuous, misnumbered paragraphs, unseparated by logical divisions into counts" and failed to describe the "unnamed 'derivative claim'" on behalf of Mr. Lucas.

On December 28, 2016, the Lucases filed their second amended complaint. On January 11, 2017, USAA filed a motion to dismiss the second amended complaint.  On January 24, 2017, the Lucases filed a motion for leave to file an amended complaint.  On January 25, 2017, the district court, in a paperless order, denied the motion for leave to amend as moot, explaining that, pursuant to Federal

3

Rule of Civil Procedure 15(a)(1)(B), the Lucases could amend their complaint as a matter of course, without the Court's leave, until up to 21 days after the service of the motion to dismiss.[2]  That same day, January 25, the Lucases filed their third amended complaint.  On January 26, 2017, the district court, in a paperless order, denied USAA's motion to dismiss the second amended complaint as moot.

## B.    Third and Fourth Amended Complaints

On February 1, 2017, USAA again filed a motion to dismiss directed at the third amended complaint.  On February 9, 2017, the Lucases filed a fourth amended complaint without seeking leave to do so from the district court.  The Lucases did not file a response to the motion to dismiss the third amended complaint.

## C.    District Court's Order

On February 13, 2017, the district court granted USAA's motion to dismiss the third amended complaint because it still failed to plead a cognizable claim for relief and because it did not comply with Rule 10(b).

---

[2]We need not address whether the district court correctly relied on Rule 15(a)(1)(B), despite the scheduling order's deadline to amend the pleadings, when it explained that the Lucases could amend their second amended complaint without leave of the district court.  See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").  That decision has not been challenged on appeal, and, regardless of the rationale, the Lucases received an additional opportunity to amend their complaint.

The district court also struck the fourth amended complaint as untimely because it was filed on February 9, 2017, over two months after the November 18, 2016 deadline to amend pleadings in the scheduling order, and because there was not good cause to amend the scheduling order.  The district court dismissed the case with prejudice because the Lucases had failed to address the deficiencies the court noted on December 16, 2016 when it dismissed their first amended complaint despite multiple opportunities to do so.[3]

The Lucases timely appealed.  Their appeal challenges the district court's decision to dismiss the third amended complaint without leave to amend and to strike the fourth amended complaint.

## II.  DISMISSAL OF THIRD AMENDED COMPLAINT

We review de novo the district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6), taking all the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiffs.  Hunt v. Aimco Properties, L.P., 814 F.3d 1213, 1221 (11th Cir. 2016).  But, we review the district court's dismissal of a complaint for failure to comply with Rules 8(a)(2) and 10(b) for abuse of discretion.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1319-20 (11th Cir. 2015).

---

[3]The Lucases subsequently filed a motion for relief from the judgment, which asked the district court to amend its order to dismiss the case without prejudice.  The district court denied that motion.

Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further provides that the complaint should use "numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Generally, complaints violate these rules because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

To state a claim upon which relief can be granted, and to survive a Rule 12(b)(6) motion, "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" Hunt, 814 F.3d at 1221 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

The district court did not err in dismissing the third amended complaint for failure to meet these standards.  For example, under Florida law and the terms of their insurance contract, the plaintiffs must show that they "are legally entitled to recover damages from owners or operators of uninsured motor vehicles" in order to recover under their underinsured vehicle insurance.  See Fla. Stat. § 627.727(1).  The third amended complaint, however, alleges no facts about the underlying accident stating only that the other driver "negligently operated" her vehicle.  The district court had already instructed the Lucases that these allegations were insufficient when it dismissed the first amended complaint.

In addition, the Lucases named only one count—"underinsured motorist claim"—but failed to plead a separate claim on behalf of Mr. Lucas.  The district court had already instructed the Lucases that this was improper.

The district court properly dismissed the third amended complaint because it failed to plead enough factual content to plausibly state a claim for relief and failed to present a clear statement of the claims alleged.

The district court also properly dismissed with prejudice.  Rule 15(a)(2), which provides that a "court should freely give leave when justice so requires," restricts a district court's authority to dismiss a complaint without leave to amend.  Fed. R. Civ. P. 15(a)(2); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  Generally, the district court must give at least one chance to amend

before dismissing with prejudice but need not give that chance when (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) "amendment would be futile." Bryant, 252 F.3d at 1163.

Here, the district court had dismissed the first amended complaint and allowed the Lucases an opportunity to amend. The Lucases later filed second, third, and fourth amended complaints. None of those fixed the pleading deficiencies previously identified by the district court. Because the fourth amended complaint also did not fix the pleading deficiencies, it was clear that further amendment would be futile. The district court thus did not err when it dismissed the case with prejudice.

The Lucases contend that the district court should have applied Florida procedural rules for the pleading standard and for whether to dismiss with prejudice. This is incorrect. A federal court sitting in diversity applies the Federal Rules of Civil Procedure. See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1260 (11th Cir. 2015) (holding that even in diversity cases the Federal Rules of Civil Procedure apply and state pleading rules do not apply).

### III.  STRIKING OF FOURTH AMENDED COMPLAINT

The district court struck the fourth amended complaint as untimely and found that there was not good cause to amend the scheduling order.  We review the denial of leave to amend for abuse of discretion, except that we review de novo the denial of leave to amend based on futility—and thus the sufficiency of the amended complaint as a matter of law.  Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1040 (11th Cir. 2006) (per curiam).

The district court's scheduling order set November 18, 2016 as the deadline to amend pleadings.  Following the December 16, 2016 dismissal of their first amended complaint without prejudice, the Lucases filed their second amended complaint on December 28, 2016.  On January 25, 2017, the district court allowed the Lucases to amend the second amended complaint even though the deadline to amend the pleadings had passed.  The Lucases filed the third amended complaint that day (January 25).

At the time the Lucases filed their fourth amended complaint, they had already amended their second amended complaint once and filed the third amended complaint but were attempting to amend yet again outside the time allowed by the scheduling order.  See Fed. R. Civ. P. 15(a)(1)(B), 16(b)(3).  The district court's scheduling orders are controlling and can only be modified by a showing of good cause.  See Fed. R. Civ. P. 16(b)(4); Sosa v. Airprint Sys., Inc., 133 F.3d 1417,

9

1418 (11th Cir. 1998) (per curiam).  When a party seeks leave to amend "after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."  Id. at 1419.  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  Id. at 1418 (internal quotation marks omitted).

Here, as to the fourth amended complaint, we cannot say that the district court abused its discretion by enforcing the scheduling order deadline for amending the pleadings.  The Lucases did not demonstrate good cause.  They had already made multiple attempts to correct the deficiencies in the complaints and to comply with the Federal Rules of Civil Procedure and the district court's order.  This is not a situation where the plaintiffs acted with diligence and still could not meet the scheduling order's deadlines.  Moreover, the fourth amended complaint still fails to rectify some deficiencies highlighted by the district court, such as delineating a separate cause of action on behalf of Mr. Lucas.

## IV.  CONCLUSION

Based on the foregoing reasons, we affirm.

**AFFIRMED.**

10