IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 EASTERN DIVISION 

SANDRA CAPPS, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) NO. 3:19-cv-00571-ALB-SMD 
 ) 
WINN-DIXIE STORES, INC., et al., ) 
 ) 
 Defendant. ) 
 ) 
 MEMORANDUM OPINION AND ORDER 
This matter comes before the Court on Plaintiff Sandra Capps’s Motion to 
Remand. (Doc. 8). Upon consideration, the motion is GRANTED. 
This case was timely removed from the Circuit Court of Russell County, 
Alabama (“Circuit Court”), on August 8, 2019, based on a claim of diversity 
jurisdiction under 28 U.S.C. § 1332. (Doc. 1). It is undisputed that the parties are 
diverse. The only question is whether the amount in controversy exceeds $75,000. 
In her Complaint, Plaintiff asserts a simple negligence claim for an alleged 
slip-and-fall accident that occurred on Defendant’s premises. See Doc. 1-1. Plaintiff 
seeks compensatory damages but disclaims damages over $74,999.99. (Doc. 1-1, 
¶ 6). In her motion to remand, Plaintiff argues that this case should be remanded to 
the Circuit Court because the amount in controversy—as explicitly stated in her 
Complaint—does not exceed $75,000. She claims this representation is supported 
by her pre-suit settlement demands for less than the jurisdictional minimum. 
Nevertheless, Defendant argues that the amount in controversy has been satisfied 

based on two sentences in Plaintiff’s first pre-suit demand letter to Defendant on 
December 21, 2018. Though in the letter Plaintiff only demands $75,000 in damages, 
Plaintiff’s counsel notes that, based on his experience practicing in Russell County, 

“it would certainly be reasonable, and probably too conservative to assume that a 
Russell County jury would apply a multiplier of at least ten times special damages,” 
which “would yield a verdict for general damages in excess of $180,000.” (Doc. 1-
2). 

In a removal action based on diversity jurisdiction, “the sum demanded in 
good faith in the initial pleading shall be deemed to be the amount in controversy.” 
28 U.S.C. § 1446(c)(2). But there is an exception: 

 (A) the notice of removal may assert the amount in 
 controversy if the initial pleading seeks— 
 (i) nonmonetary relief; or 
 (ii) a money judgment, but the State court practice either 
 does not permit demand for a specific sum or permits 
 recovery of damages in excess of the amount demanded; 
 and 
 (B) removal of the action is proper on the basis of an 
 amount in controversy asserted under subparagraph (A) if 
 the district court finds, by the preponderance of the 
 evidence, that the amount in controversy exceeds 
 [$75,000]. 
Id. Because Plaintiff seeks a money judgment in the Complaint and Alabama permits 
recovery of damages in excess of the amount demanded in the Complaint, the Court 

must determine whether Defendant has shown by a preponderance of the evidence 
that the amount-in-controversy threshold has been satisfied. See Harris v. 
Aghababaei, 81 F. Supp. 3d 1278, 1280-81 (M.D. Ala. 2015) (applying 

preponderance of the evidence standard under 28 U.S.C. § 1446(c)(2) where 
plaintiff’s complaint asserted damages not exceeding $74,500); Ala. R. Civ. P. 54(c) 
(allowing a party to recover the damages to which it is entitled “even if the party has 
not demanded such relief in the party’s pleadings”). 

Plaintiff expressly states on the face of the Complaint that the amount in 
controversy in this action does not exceed $74,999.99. Because Defendant appears 
to concede that the amount in controversy is not satisfied on the face of the 

Complaint (and the Court agrees), the Court considers Defendant’s Notice of 
Removal and the additional evidence submitted by the parties to determine whether 
the jurisdictional threshold has been satisfied. See Dart Cherokee Basin Operating 
Co. v. Owens, 574 U.S. 81, 88 (2014) (recognizing that if a plaintiff challenges the 

amount-in-controversy allegations in a defendant’s notice of removal, “both sides 
submit proof and the court decides, by a preponderance of the evidence, whether the 
amount-in-controversy requirement has been satisfied”); Roe v. Michelin N. Am., 

Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (recognizing that a defendant can meet 
its burden by showing the complaint is removable on its face or “by providing 
additional evidence demonstrating that removal is proper”). 

The only evidence Defendant offers to show that the amount in controversy 
exceeds $75,000 is Plaintiff’s December 21, 2018 settlement demand letter. “[A] 
settlement offer, by itself, may not be determinative” of the amount in controversy, 

but “it counts for something.” Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th 
Cir. 1994). Settlement offers are generally given little weight in determining the 
amount in controversy because they often “reflect puffing and posturing.” Perkins 
v. Merion Realty Services, LLC, No. 2:14-cv-1171, 2015 WL 998198, at *2 (M.D. 

Ala. Mar. 6, 2015). But when a settlement offer “provides enough specific 
information to support the plaintiff’s claim for damages to indicate that the offer is 
a reasonable assessment of the value of the plaintiff’s claim,” it is afforded additional 

weight. Id. Here, unlike most cases where defendants rely on the plaintiff’s 
settlement demand to show that the amount in controversy exceeds the jurisdictional 
minimum, Defendant argues that Plaintiff’s counsel’s statements in the demand 
letter, not the demand itself, show that the amount-in-controversy threshold has been 

met. The Court does not find this argument persuasive. 
First, the Court finds that Plaintiff’s counsel’s statement that a Russell County 
jury would apply a multiplier of at least ten to return a verdict for damages in excess 

of $180,000 is mere posturing for purposes of settlement negotiations. That this 
amount does not reflect “a reasonable assessment of the value of [Plaintiff’s] claim” 
is evidenced by the fact that Plaintiff’s demands for damages have never exceeded 

$75,000, even in the very demand letter in which Plaintiff’s counsel made those 
statements. To be sure, though the December 21, 2018 demand letter sets forth 
Plaintiff’s specific injuries and medical expenses (albeit an erroneous over-

calculation of Plaintiff’s medical expenses), Plaintiff’s counsel’s assessment of 
damages based on those injuries and expenses was $75,000—the amount demanded. 
(Doc. 1-2). Further, after learning that Plaintiff’s medical expenses were 
significantly lower than originally believed, Plaintiff’s counsel sent a second pre-

suit demand letter revising Plaintiff’s initial demand to $60,000 in damages. (Doc. 
8-1). As a result, the Court affords little weight to the two sentences relied upon by 
Defendant in Plaintiff’s initial demand letter. 

Second, Plaintiff has presented evidence that her medical expenses in this 
action are only $7,823.75. Defendant argues that, based on Plaintiff’s December 21, 
2018 demand letter, the Court should apply a “ten times multiplier” to Plaintiff’s 
medical expenses to reach the jurisdictional threshold. The Court declines to do so. 

Based on the Court’s experience and common sense in actions of this nature, 
applying such a multiplier would not only be speculative but also unreasonable. 
Finally, the Court takes seriously Plaintiff’s consistent representations that she 

is seeking damages for less than the jurisdictional minimum. Though not 
determinative, these representations bolster the Court’s conclusion that Defendant 
has failed to show by a preponderance of the evidence that the requisite amount in 

controversy has been met in this case. Harris, 81 F. Supp. 3d at 1283 (“[T]he court 
takes seriously Plaintiffs’ consistent representations through counsel of their own 
damages as not exceeding $74,500 . . . as counsel for Plaintiffs have a duty of candor 

to the tribunal, and therefore the court takes these representations as true and 
correct.”); see Land Clearing Co., LLC v. Navistar, Inc., No. 11-0645, 2012 WL 
206171, at *4 (S.D. Ala. Jan. 24, 2012) (recognizing that the plaintiff’s “pre- and 
post-removal initial settlement demands of $67,500 . . . tend to show that plaintiff 

believes its claims are worth less than the jurisdictional threshold”). 
For the foregoing reasons, the Court concludes that Defendant has not met its 
burden to show that the amount in controversy is satisfied for purposes of diversity 

jurisdiction. Accordingly, Plaintiff’s Motion to Remand is GRANTED. 
DONE and ORDERED this 1st day of November 2019. 

 /s/ Andrew L. Brasher 
 ANDREW L. BRASHER 
 UNITED STATES DISTRICT JUDGE