**Yali GOLAN, Plaintiff,**

v.

**Marc PULEO, and Petmed Express, Inc., Defendants.**

No. 06–CIV–20330.

United States District Court, S.D. Florida.

March 30, 2007.

---

Gregory J. Trask and Peter W. Homer, Homer Bonner, P.A., Miami, for defendant PetMed Express, Inc.

Robert E. Goldman, Law Office of Robert E. Goldman, Fort Lauderdale, for plaintiff Yali Golan.

### ORDER GRANTING DEFENDANT PETMED EXPRESS, INC.'S MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S THIRD AMENDED COMPLAINT

HOEVELER, District Judge.

This cause comes before the Court upon Defendant PetMed Express, Inc.'s ("PetMed'"") Motion To Dismiss Counts II and III of Plaintiff's Third Amended Complaint, filed on March 6, 2006. Plaintiff Yali Golan ("Golan") filed a Response on March 13, 2006, and PetMed filed a Reply on April 3, 2006. The Court having reviewed the Motions and being otherwise duly advised in the premises grants the Defendant's Motion to Dismiss for the reasons outlined below.

### BACKGROUND

Plaintiff Golan and Defendant Dr. Marc Puleo ("Puleo") were co-founders of Pet-Med, a Florida corporation formed on January 29, 1996. Golan Invested $90,000 in the company through a nominee, Double Diamond Trading Inc., and was a member of the initial Board of Directors of PetMed. Subsequently, the investment bankers and counsel for PetMed thought it best that Golan not be an officer or director of the company due to Golan's prior felony conviction.

According to Golan, he and Puleo allegedly entered into an agreement ("General Agreement") on March 15, 1998, which stated in pertinent part:

> Dr. Puleo and Mr. Golan shall be deemed to have become 50/50 partners in the profits...Dr. Puleo agrees that Mr. Golan and Dr. Puleo are equal partners in PetMed Express, Inc. and that Mr. Golan thought [sic] Dr. Puleo the business. Dr. Puleo agrees that as long as PetMed Express, Inc. stays in business Dr. Puleo will owe Mr. Golan 50% of any salary, stock, or stock options not equally received by Mr. Golan. (Third Am. Compl. at ¶ 7.)

On or about August 10, 1999, Golan and Puleo signed a document entitled "Demand Promissory Stock Option," under which Puleo agreed to transfer 600,000 options to Double Diamond Trading, Inc., on behalf of Golan. The agreement was nullified by both parties after Puleo spoke with his counsel who informed him that the agreement would be in violation of the Securities and Exchange Act of 1934 ("SEC Act") and PetMed's stock option plan.

Puleo filed its Registration Statement (Form10–SB) with the Securities and Exchange Commission ("SEC") on January 10, 2000, pursuant to Regulation S–K, item 404(d),[1] and failed to disclose the alleged

---

**1.** 17 C.F.R. § 229.404; Defendants also attached copy Regulation S–K, Item 404(d) as

Ex. 26 to its Motion for Summary Judgment.

General Agreement. Golan, by his own admission, did not disclose the alleged General Agreement in any public filing until the start of this action. It is uncontested that Golan's nominee, Double Diamond Trading, Inc. received 23% of the outstanding shares of the company at the time of registration. While Golan held no options or shares in PetMed in his own name, he did testify that if Puleo had delivered any options to Double Diamond Trading under the alleged 1998 agreement, the options would have effectively been delivered to him. According to Golan, Puleo received salary, stock, and options subject to the General Agreement but failed to share 50% of the same with him.

Count I of the Third Amended Complaint alleges that Golan and Puleo entered into a General Agreement on March 15, 1998, which gave Golan the right to receive, for so many years in the future as Puleo might work at PetMed, the right to half of Puleo's salary, plus half of any shares issued and stock options granted him by the company due to his position. (Third Am. Compl. at ¶ 7.) It further alleges that Puleo breached this agreement and breached an implied covenant of good faith and fair dealing by causing PetMed, at a time he was its President and Chairman, to omit disclosing the existence of the General Agreement in PetMed's Form 10SB–Registration Statement filed with the Securities and Exchange Commission on January 10, 2000. (*Id.* at ¶ 9(b).)

Golan brings Count II of the Complaint specifically against PetMed requesting that PetMed be made to disclose the existence of the General Agreement in its SEC filings. (*Id.* at ¶ 21.) More specifically, Golan claims that the SEC Act of 1934 at Regulation S–K (Item 404(d)) provides that a registrant must disclose anything of value received, directly or indirectly, by a "promoter" (*Id.* at ¶ 14.) According to Golan, under this provision of Regulation

S–K, Petmed had a duty to disclose the alleged General Agreement in its Registration Statement (Form 10–SB) filed with the SEC. (*Id.* at ¶ 14, 16.) This alleged breach of duty on the part of PetMed is the basis for Count III of Plaintiff's Third Amended Complaint.

Plaintiff Golan originally filed this action against Defendant Puleo on March 12, 2003, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. While proceeding in circuit court, Puleo moved for Summary Judgment. On September 1, 2005, the circuit court judge entered a partial summary judgment in favor of Puleo that limited the time period of Golan's potential recovery to the time period before January 10, 2000, the date PetMed became a public company. Golan filed a Third Amended Complaint on January 18, 2006, naming PetMed as a Defendant. Defendants, PetMed and Puleo removed the Third Amended Complaint to this Court on February 8, 2006.

Defendant PetMed filed a Motion to Dismiss Counts II and III on March 6, 2006, which the Court finds should be granted for the reasons discussed below.

### ANALYSIS

On a motion to dismiss, the court construes the complaint in a light most favorable to plaintiff and assumes the factual allegations asserted by him to be true. *See Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir.1993). A court properly grants a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Sea Vessel, Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994). Finally, the inquiry focuses on whether the challenged pleadings "give the defendant fair notice of what

the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

■ Counts II and III of Plaintiff's Third Amended Complaint fail to state a claim because there does not exist an express or implied private right of action for violations of item 404(d) of Regulation S–K of the SEC Act. Regulation S–K provides standard instructions for filing disclosure forms under the SEC Act of 1934 and other legislation. *See* 17 C.F.R. § 229.10(a) (describing the purpose of Regulation S–K). In pertinent part, Item 404(d) of Regulation S–K states:

> Transactions with promoters. Registrants that have been organized within the past five years and that are filing a registration statement on Form S–1 under the Securities Act (§ 239.11 of this chapter) or on Form 10 and Form 10–SB under the Exchange Act (§ 239.210 of this chapter) shall:
>
> (1) State the names of the promoters, the nature and amount of anything of value (including money, property, contracts, options or rights of any kind) received or to be received by each promoter, directly or indirectly, from the registrant and the nature and amount of any assets, services or other consideration therefore received or to be received by the registrant.

17 C.F.R. § 229.404(d)(1). The Plaintiff unsuccessfully attempts to respond to the contention that this provision provides an express or implied private right of action for damages or injunctive relief, by stating that at common law there exists "reciprocal obligations" that exist between a promoter and a corporation, which allegedly require PetMed to disclose the alleged General Agreement in its Registration Statement. (Pl.'s Opp. To Mot. To Dismiss at 7.) The Plaintiff's Third Amended Complaint is based on Regulation S–K and the Plaintiff has failed to present any

case law that supports the premise that there is an implied obligation owed by a corporation to a promoter to do anything. Finally, even if the Plaintiff asserted legally cognizable claims they would be time-barred by the statute of repose set forth in 28 U.S.C § 1658(b)(2).

Additionally, although Count II is labeled "Specific Performance," it is actually asking this Court to afford Golan mandatory injunctive relief without alleging the necessary prerequisites for such relief. In light of the fact that Golan's claims fail as a matter of law independent of the deficiencies of the request for injunctive relief, including but not limited to, failure to allege that an irreparable injury has been suffered and that there is an absence of an adequate remedy of law, this Court will not address this additional basis for dismissal of Count II. *E.g., Bolin v. Story,* 225 F.3d 1234, 1242 (11th Cir.2000).

■ The case law is clear as to the absence of an express private right of action under Regulation S–K, and courts may not imply a private right of action under Regulation S–K where Congress has not established one. In *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 171, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), the Supreme Court described the potential bases for liability under the SEC Acts of 1933 and 1934 as follows:

> The 1933 and 1934 Acts create an extensive scheme of civil liability . . . . Private plaintiffs may sue under the express private rights of action contained in the Acts. They may also sue under private rights of action we have found to be implied by the terms of § 10(b) and § 14(a) of the 1934 Act.

The Plaintiff fails to cite to any provision of the SEC Act which contains an express private right of action for damages or injunctive relief for a violation of Item 404(d)

of Regulation S–K, and the courts have refused to allow one. In *In re NTL, Inc. Securities Litigation*, 347 F.Supp.2d 15, 37 (S.D.N.Y.2004), the court held that "there is no private cause of action for violation of Regulation S–K." Thus, Counts II and III would only be able to survive Defendant's Motion to Dismiss if this Court decided to create or imply a private cause of action. However, the Court is unable to perform such a task. In *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001), the Supreme Court stated:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy... Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

(citations omitted). The Eleventh Circuit followed this reasoning in *DirecTV, Inc. v. Treworgy*, 373 F.3d 1124, 1129 (11th Cir. 2004), where the court refused to allow plaintiff's private right of action because the respective statute had not created one, and because courts are not allowed to create private causes of action. The Court reiterated that whether a private right of action is to exist is a determination for Congress to make. Thus, Defendant's Motion To Dismiss should be granted on Counts II and III because there does not exist an express private right of action for violations of Item 404(d) of Regulation S–K of the SEC Act, and only Congress may authorize such a private right of action.

Plaintiff attempts to resuscitate these two counts by arguing that a corporation possesses an implied common law obligation to a promoter. Plaintiff contends that he is suing PetMed "based upon reciprocal obligations that arise from their relationship, and the allegation that PetMed alone could disclose the General Agreement." Pl.'s Opp. To Mot. To Dismiss at 7. Plaintiff's contention fails as a matter of law.

Plaintiff relies on *Bailes v. Colonial Press, Inc.*, 444 F.2d 1241, 1244 (5th Cir. 1971) for the proposition that "at common law the promoters of a corporation stand in a fiduciary relation to the corporation..." According to the Plaintiff, *Bailes* supports the premise that PetMed owed a duty to Golan to disclose the alleged General Agreement, and creates a private right of action for Golan against PetMed for breach of that duty. However, Golan errs in his interpretation of *Bailes*. *Bailes* did not rule that a corporation possesses a duty to a promoter at common law, but rather that the promoter owes a fiduciary duty to the corporation. *Bailes*, 444 F.2d 1241. Similarly, the court in *Wisconsin Avenue Associates, Inc. v. 2720 Wisconsin Avenue Cooperative Association*, 441 A.2d 956, 963 (D.C.App.1982) held that "promoters of a corporation stand in a fiduciary relation to both the corporation and its stockholders, which requires them to act with the utmost good faith and to disclose fully all material facts to both the corporation and its stockholders." Furthermore, in *Public Investment Ltd. v. Bandeirante Corp.*, 740 F.2d 1222, 1235 (D.C.Cir.1984), the court held "it has long been settled law that the promoter of a corporation owes that corporation a fiduciary duty." Plaintiff has failed to provide any case law to support the proposition that PetMed was under a common law obligation to Golan to disclose the alleged General Agreement in PetMed's Registration Statement. It is clear that Item 404(d) of Regulation S–K governs a corporation's disclosure of transactions with promoters. Therefore, even if PetMed failed to disclose the alleged General Agreement as required by Regulation

S–K and as alleged by Golan, there is no express or implied private right of action for damages or injunctive relief for any such failure.

Even if Golan was able to show that Counts II and III present legally cognizable claims, these claims would fail because they are time barred by the statute of limitations for securities law claims under 28 U.S.C. § 1658 (2002), which states:

A private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws...may be brought not later than the earlier of—(1) two years after the discovery of facts constituting the violation; or (2) five years after such violation.

28 U.S.C. § 1658(b). According to Golan, PetMed breached its duty to disclose the alleged General Agreement on January 10, 2000, when It filed its Registration Statement. (Pl.'s Third Am. Compl. at ¶¶ 3, 4.) Golan did not file this Third Amended Complaint against PetMed until January 18, 2006, more than six years after the alleged breach of duty took place.[2] Golan fails to address this argument in his Response to the Motion to Dismiss. This failure underscores the fact that even if this Court were to find that Plaintiff's claims were legally cognizable, which it does not, the claims would be time-barred by 28 U.S.C. § 1658(b), requiring this Court to dismiss Counts II and III of the Third Amended Complaint.

Defendant's Motion to Dismiss Counts II and III of Plaintiff's Third Amended Complaint is granted for the following rea-

sons. First, there does not exist an express private right of action for violations of Item 404(d) of Regulation S–K of the SEC Act and this Court may not imply one. Second, a corporation does not possess any implied common law obligation to a promoter. Third, even if Counts II and III were legally cognizable, which they are not, they are time barred by the statute of limitations for securities laws claims under 28 U.S.C. § 1658.

For the foregoing reasons, Defendant's Motion To Dismiss Counts II and III of Plaintiff's Third Amended Complaint is GRANTED.

In light of the Court's ruling on dismissal, this Court must address whether there is any basis to continue to exercise jurisdiction over this matter. Jurisdiction, which was asserted through removal of this case from state court under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa, as the claims brought against PetMed allegedly arise under the Securities Exchange Act of 1934 and/or the rules and regulations promulgated thereunder does not survive the dismissal of the only two claims which alleged violations of federal law. Furthermore, pursuant to 28 U.S.C. § 1367(c)(3), this Court "may decline to exercise supplemental jurisdiction if...the district court has dismissed all claims over which it has original jurisdiction."

Cases may be remanded *sua sponte* by the court at any time for a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). As the Eleventh Circuit reminds us, "[f]ederal courts are courts of limited jurisdiction," and that "uncertainties are resolved in favor of remand," *Burns v. Windsor*

**2.** To meet the five-year statute of limitation, Plaintiff should have filed a complaint by January 10, 2005. Even assuming *arguendo* that Golan "discovered" the facts constituting this alleged violation March 12, 2003 (when he filed his original Complaint against Defendant Puleo in state court), he should have filed a complaint against PetMed by March 12, 2005. As January 10, 2005, is the earlier of the two, the five-year statute of limitations applies. 28 U.S.C. § 1658.

*Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

Consistent with the above, the Court hereby orders REMAND of the remaining claims as to the sole remaining defendant to state court. This case is CLOSED, and all pending motions are DENIED as moot. The Clerk of Court is hereby directed to take all necessary steps to effectuate this remand to the state court.