Charles PICKETT, Plaintiff,

v.

MICHIGAN MUTUAL INSURANCE COMPANY, et al., Defendant.

Civil Action No. 95–D–1376–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 25, 1996.

J. Knox Argo, Argo & Holloway, P.C., Montgomery, AL, for plaintiff.

D. Mitchell Henry, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for defendant.

## *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

This matter is before the court on the plaintiff's motion filed March 20, 1996, to remand the above-styled cause of action to the Circuit Court of Montgomery County, Alabama. On October 24, 1995, the defendant timely filed a notice of removal under 28 U.S.C. § 1441(a), asserting that this court has diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a). In its notice of removal, the defendant asserts that the amount in controversy appears to a reasonable legal certainty to be in excess of $50,000 exclusive of interests and costs because the plaintiff seeks both compensatory and punitive damages. In this regard, the plaintiff included a stipulation as part of his motion to remand stating that the amount of damages he seeks is not in excess of $50,000 exclusive of interest and costs.

## DISCUSSION

The Eleventh Circuit recently held that when a plaintiff, although seeking both compensatory and punitive damages, specifically seeks damages in an amount less than the jurisdictional amount, the defendant is "required to prove to a legal certainty that plaintiff, if [he] prevailed, would not recover below $50,000." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). In other words, the defendant must show that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $50,000." *Id.* at 1096.

In the instant case, the plaintiff purchased a commercial general liability insurance policy with the defendant for a term of one year. The plaintiff seeks damages against the defendants alleging a breach of contract and bad faith refusal to pay plaintiff's insurance claim. The defendants do not offer any evidence in their notice of removal which would support a finding that they have proved to a legal certainty that plaintiff's damage award would be more than $50,000 exclusive of interest and costs; instead, they merely assert that because the plaintiff seeks punitive damages, "it is believed that the damages claimed and involved in this controversy exceed the sum of $50,000 exclusive of interest and costs." Def.'s Not. of Rem. at 1–2. Furthermore, if there were no award of punitive damages, it is easily conceivable that the plaintiff's damage award would not exceed $50,000 exclusive of interest and costs. Thus, based upon the facts of the instant case, the court finds that the defendants have not and cannot demonstrate to a legal certainty that the amount of damages sought in this action exceeds the jurisdictional amount of $50,000 exclusive of interest and costs. *See Burns,* 31 F.3d at 1097.

While the court does not call into question counsel's integrity or promise made herein, the court emphasizes that should the plaintiff hereafter disregard his stipulation and seek damages in excess of $50,000 exclusive of interest and costs, that upon application to the court, **sanctions will be swift in coming and painful upon arrival.** *See State Farm Fire & Casualty Co. v. Dunnam,* No. 90–0090–BH (S.D.Ala. May 16, 1990). The court gives this advice because it would have applied a less burdensome standard if the plaintiffs had not specifically sought an amount of damages below the jurisdictional amount. *Bolling v. Union National Life Ins. Co.,* 900 F.Supp. 400, 404 (M.D.Ala.1995) (the burden is on the defendant to prove by a preponderance of the evidence that the amount exceeds the jurisdictional amount if the plaintiff has not sought a specific amount of damages).

## CONCLUSION

Accordingly, it is CONSIDERED and ORDERED that this action be and the same is hereby remanded to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take all steps necessary to effect said remand.