**Gary CREMEENS, et al., Plaintiffs,**

v.

**CITY OF MONTGOMERY, et al., Defendants.**

**No. Civ.A. 99–A–512–N.**

United States District Court, M.D. Alabama, Northern Division.

June 28, 1999.

K. David Sawyer, Birmingham, AL, Thomas A. Woodley, Kurt T. Rumsfeld, Mulholland & Hickey, Washington, DC, for plaintiffs.

George B. Azar, Elizabeth C. Wible, Azar & Azar, Montgomery, AL, F. Tim McCollum, City Attorney, Montgomery, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Remand, filed by the Plaintiffs on June 17, 1999. Defendants filed a brief in opposition on June 18, 1999. Plaintiffs Gary Cremeens, the Professional Fire

---

Fighters Association of Alabama, and the Montgomery Fire Fighters Association, Local 1444 originally filed their Complaint in the Circuit Court of Montgomery County, Alabama on April 14, 1999.

In this action, the Plaintiffs assert that Defendants—the City of Montgomery, its mayor, fire chief, and city council members—violated state law by passing an ordinance prohibiting certain employees of the Montgomery Fire Department from becoming members of certain labor organizations. Defendants removed the case to this court on May 20, 1999. Defendants contend that this court has ancillary jurisdiction over the Plaintiffs' claims because the ordinance at issue effectuated terms of a settlement which were incorporated into an order of this court in a prior action. For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II. *REMAND STANDARD*

■ Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Be-

cause federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. *FACTS*

In 1985, the Montgomery Fire Fighters Association, Local 1444 and two of its members sued the City of Montgomery and officials with the Montgomery Fire Department. The plaintiffs alleged that the City of Montgomery coerced fire department employees to drop union membership, refused to promote union members, retaliated against certain union members, refused to allow union activities at the fire stations, and prohibited employees from making comments critical of the City. *See* Exhibit B to Notice of Removal (File Doc. 1). In their Complaint, the plaintiffs asserted that they brought the action "both on their behalf and on behalf of all other employees of the City of Montgomery Fire Department, past, present, or future." *Id.* ¶ 5. The plaintiffs asserted claims under the First and Fourteenth Amendments to the United States Constitution, as well as Alabama Code § 11–43–143.[1]

As part of a settlement reached in 1988, the parties signed a Stipulation of Settlement. *See* Exhibit C to Notice of Removal. One paragraph of the stipulation provided in part:

> the right and freedom of association, self-organization and the right to join or to continue as members of any employee or labor organization which complies with this section, and shall have the right to present proposals relative to salaries and other conditions of employment by representatives of their own choosing. No such person shall be discharged or discriminated against because of his exercise of such right, nor shall any person or group of persons, directly or indirectly, by intimidation or coercion compel or attempt to compel any fire fighter or fireman to join or refrain from joining a labor organization.

---

1. The full text of Alabama Code section 11–43–143 is as follows:
   (a) No person shall accept or hold any commission or employment as a fire fighter or fireman in the service of the state or of any municipality in the state who participates in any strike or asserts the right to strike against the state or any municipality of the state, or be a member of an organization of employees that asserts the right to strike against the state or any municipality in the state knowing that such organization asserts such right.
   (b) All fire fighters serving the state or any municipality in the state either as paid firemen or as volunteer fire fighters who comply with the provisions of this section are assured

That no members of the City of Montgomery Fire Department, holding the rank of lieutenant and above and also mechanics of the City of Montgomery Fire Department (hereinafter referred to as lieutenants) shall be members of the Montgomery Firefighters Association # 1444 or such other similar union or labor organizations (hereinafter referred to as associations). The parties to this action and all members of the class they represent agree to an ordinance being adopted and passed by the Montgomery City Council, a copy of which is attached hereto and incorporated herein by reference. The purpose of said ordinance being to prohibit lieutenants of the City of Montgomery Fire Department from occupying the position of lieutenants and above and also mechanics from being a member of the Montgomery Firefighters Association # 1444 and such other associations. Plaintiffs agree to send a letter to the Montgomery City Council endorsing the adoption of the ordinance attached hereto and incorporated herein by reference.

*Id.* ¶ 7. On March 31, 1988, Judge Varner entered an Order dismissing the case with prejudice against all defendants. *See* Exhibit D to Notice of Removal. The Order incorporated the terms of the stipulation by providing, "[T]he relief set forth in the stipulation of settlement dated the 31st day of March 1988 and filed herein and all of the terms and conditions of said stipulation of settlement be and they are hereby made binding upon all of the parties to this action, and all members of the class represented by said parties." *Id.*

On April 5, 1988, the mayor and city council of the City of Montgomery enacted Ordinance No. 25–88 which declared that "individual employees of the Montgomery Fire Department of the City of Montgomery, Alabama, occupying the position of lieutenants and above and also mechanics, shall not be permitted to belong to or be members of Montgomery Fire Fighter Association Local 1444, affiliated with the International Association of Fire Fighters, labor unions or labor organizations of such similar associations and organizations which have as members rank and file fire fighters and/or sergeants of the City of Montgomery Fire Department." Compl. ¶ 23; Ex. C to Notice of Removal. In the present case, the Plaintiffs contend that Ordinance No. 25–88 violates Alabama Code section 11–43–143.

## IV.  *DISCUSSION*

Plaintiffs contend that this court lacks jurisdiction over their claims, which arise solely under state law. Defendants invoke the "ancillary jurisdiction" of this court based on its order in a prior case. The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). In *Kokkonen,* the Supreme Court noted two general purposes for ancillary jurisdiction: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent ... and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380, 114 S.Ct. 1673.

Discussing the second purpose supporting ancillary jurisdiction, the Court found that a federal court did not have inherent authority to assert jurisdiction over a settlement agreement which had as part of its consideration the dismissal of a case before a federal court. *See id.* The Court noted:

The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that

event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381, 114 S.Ct. 1673.

 In the present case, Judge Varner's March 31, 1988 Order expressly incorporated the terms of the stipulation of settlement by providing that they were "binding upon all of the parties to this action, and all members of the class represented by said parties." Ex. D to Notice of Removal. Therefore, this court would have ancillary jurisdiction to enforce a breach of the settlement agreement because its terms were made part of the court's order.

Plaintiffs assert, however, that this is not an action seeking enforcement of a prior settlement. The effect of the settlement has been raised in defense to the Plaintiffs claims that the ordinance violates state law. Nevertheless, the present action challenges the prior court order. One term in the stipulation of settlement made part of the order provided that the "parties to this action and all members of the class they represent agree to an ordinance being adopted and passed by the Montgomery City Council." Ex. C to Notice of Removal. The Montgomery Fire Fighters Local 1444, which now alleges that the ordinance violates state law, was a party to the original suit and brought the action on behalf of "all other employees of the City of Montgomery Fire Department, past, present, or future." Exhibit B to Notice of Removal. Questions regarding the legality of the ordinance necessarily challenge the enforceability of the federal court's order. Accordingly, this court finds that, under the authority of *Kokkonen v. Guardian Life Ins. Co. of Am*, it has ancillary jurisdiction over the present action. Because the enforceability of a prior order of this court is at issue, the court declines to exercise its discretion and remand the case to state court.

## V. CONCLUSION

For the reasons stated above, the Plaintiffs' Motion to Remand is due to be and is hereby DENIED.

The Defendants have not filed Answers to the Complaint. They are given until June 30, 1999 to do so.