[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13384
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-03560-MHC

REBECCA SUTHERLAND,

                                    Defendant-Appellant Cross-Appellee,

versus

GLOBAL EQUIPMENT CO., INC.,

                                    Plaintiff-Appellee Cross-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(October 4, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Rebecca Sutherland appeals from the district court's order granting summary judgment in favor of Global Equipment Co. (Global) on her claims under the Family Medical Leave Act (FMLA) and Americans with Disabilities Act (ADA). Sutherland asserts the district court erred by:  (1) granting summary judgment on her FMLA interference and retaliation claims because her managers did not assign a designated "cover" person for her absences and requested that she choose five of her sales accounts to be reassigned; and (2) granting summary judgment on her ADA claim because her managers discriminated against her based on her association with her disabled husband.  On cross-appeal, Global contends the district court abused its discretion by declining to exercise supplemental jurisdiction over Sutherland's state law claims without properly analyzing the factors in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  We address each issue in turn, and, after review,[1] affirm the district court.

---

[1]   We review a district court's grant of summary judgment *de novo*, viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  *Martin v. Brevard Cty. Public Sch.*, 543 F.3d 1261, 1265 (11th Cir. 2008).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

We review the district court's decision to decline to exercise supplemental jurisdiction for an abuse of discretion.  *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015).  We review questions of subject-matter jurisdiction *de novo*.  *St. Paul Fire and Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 80 F.3d 1265, 1269 (11th Cir. 2018).

# I. DISCUSSION

## A. FMLA Claims

### 1. FMLA Interference

The FMLA provides an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period in order to care for a spouse with a serious health condition. 29 U.S.C. § 2612(a)(1). An employer may not interfere with, restrain, or deny the exercise of any right provided under the FMLA. *Id.* § 2615(a)(1). A claim an employer interfered with the exercise of FMLA rights has two elements: (1) the employee was entitled to a benefit under the FMLA; and (2) her employer denied her that benefit. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015).

The district court did not err in granting summary judgment to Global on Sutherland's FMLA interference claim. Sutherland did not provide evidence showing Global denied her a benefit to which she was entitled under the FMLA. *See White*, 789 F.3d at 1191. Sutherland testified Global approved her requests for FMLA leave both for her personal medical issue and to take care of her husband. She provided no evidence Global ever denied her FMLA leave when she requested it, and her time sheets show she took three to four days of intermittent FMLA leave each month following approval, including three days of FMLA leave in January 2016.

3

Further, the record as a whole could not lead a rational trier of fact to find Sutherland's past tardies were approved under the FMLA. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (stating if the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial). Her time sheets, which Sutherland offered as evidence in support of her response, do not show any tardies that were reported as FMLA leave, and Global's FMLA policy required FMLA leave be taken in increments of no less than one hour. Additionally, whether Global treated other employees who took FMLA leave differently or better by providing a dedicated cover person for their accounts is not relevant, because a dedicated cover person was not a right to which Sutherland was entitled under the FMLA. *See* 29 U.S.C. § 2614. Finally, that a Global manager in New York e-mailed Global's human resources manager to inquire about the status of Sutherland's FMLA balances does not prove interference because Global did not deny Sutherland's FMLA leave before or after the e-mail, and the e-mail did not instruct anyone to interfere with Sutherland's FMLA leave.

### 2. *FMLA Retaliation*

An employer may not discriminate against an employee for exercising her rights under the FMLA. 29 U.S.C. § 2615(a)(2). To succeed on a claim of FMLA retaliation, an employee must demonstrate her employer intentionally discriminated against her in the form of an adverse employment action for having

exercised an FMLA right.  *Jones v. Gulf Coast Health Care of Del., LLC*, 854 F.3d 1261, 1270 (11th Cir. 2017).  Where an employee puts forth no direct evidence of discrimination, we employ the burden-shifting framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973).  *See id.* at 1271.  Under that framework, a plaintiff must first establish a *prima facie* case of discrimination by proving: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected conduct.  *Id.*  If the plaintiff establishes a *prima facie* case, the employer may proffer a legitimate, non-retaliatory reason for the challenged employment action.  *Id*.  The employee bears the burden of showing the employer's proffered reason is pretextual.  *Id.*

To prove constructive discharge, a plaintiff must prove that her working conditions were "so intolerable that a reasonable person in her position would have been compelled to resign."  *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001) (quotation marks omitted).  This standard is higher than the standard for proving a hostile work environment.  *Id.*  A constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation.  *Id.* at 1245 n.81.

Sutherland did not show she suffered an adverse employment action, and, thus, did not establish a *prima facie* retaliation case.  *See Jones*, 854 F.3d at 1271.

5

First, Global's intention to transfer five of Sutherland's accounts was not an adverse employment action. *See* 29 C.F.R. § 825.204 (providing an employer may make temporary reassignments and alter duties or responsibilities to accommodate intermittent FMLA leave). Sutherland testified reassignment of accounts that were not doing well was a regular occurrence based on Global's business judgment. In addition, it is undisputed Sutherland's accounts suffered when she was absent. Even assuming the reassignment could be considered an adverse employment action, Sutherland cannot prove she actually suffered the action, because she resigned before any accounts were transferred.

Second, Sutherland did not establish her resignation amounted to a constructive discharge. Her time sheets and affidavit establish her former supervisors allowed her to be tardy and to make up the time over lunch or at the end of the day, and her new supervisors decided to change this policy and require timeliness. However, even assuming her new supervisors threatened her with discipline for future tardies or unexcused absences, they did not discipline her at the time. A requirement that, going forward, an employee be on time and provide excuses for any absences is not "so intolerable that a reasonable person would be compelled to resign." *See Hipp*, 252 F.3d at 1231. Moreover, even if they were intolerable, Sutherland did not raise this issue to her supervisors so they could attempt to remedy the problem—she simply resigned. *See id.* at 1245 n.81.

6

Accordingly, because she did not show she suffered an adverse employment action or a constructive discharge, Sutherland did not establish a *prima facie* retaliation case and the district court did not err in granting summary judgment to Global on Sutherland's FMLA claims.

## B. ADA Claim

The ADA protects a qualified individual from discrimination on the basis of disability in the terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).  The ADA defines the term "discriminate" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."  *Id.* § 12112(b)(4).  We evaluate disability discrimination and association discrimination claims brought under the ADA using the burden-shifting framework established in *McDonnell Douglas*.  *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004).

To establish a *prima facie* case of association discrimination under the ADA, the plaintiff must show that: (1) she was subjected to an adverse employment action; (2) she was qualified for the job at that time; (3) her employer knew at that time that she had a relative with a disability; and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the

disability of the relative was a determining factor in the employer's decision. *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001).

The ADA prevents an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." 42 U.S.C. § 12112(b)(5)(A). To succeed on a failure to accommodate claim, plaintiff must show that (1) she is disabled; (2) she was a "qualified individual" at the relevant time, meaning she could perform the essential functions of the job with or without reasonable accommodations; and (3) the employer failed to provide a reasonable accommodation. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

Sutherland failed to establish a *prima facie* case of discrimination under either an association discrimination or failure to accommodate theory. She did not prove association discrimination because, as discussed above, she did not suffer an adverse employment action. *See Wascura*, 257 F.3d at 1242. She did not prove failure to accommodate because she did not argue or provide evidence she was disabled. *See Lucas*, 257 F.3d at 1255. Thus, Global was not obligated to provide a reasonable accommodation. *See id*; 42 U.S.C. § 12112(b)(5)(A). Accordingly, the district court did not err by granting summary judgment to Global on Sutherland's ADA claim.

*C.  State Law Claims*

The doctrine of supplemental jurisdiction permits federal courts to decide certain state law claims involved in cases raising federal questions when doing so would promote judicial economy and procedural convenience.  *Ameritox*, 803 F.3d at 530; *see* 28 U.S.C. § 1367(a).  A district court possesses the authority to dismiss claims brought under § 1367(a) if it has dismissed all claims over which it has original jurisdiction.  *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 532 (11th Cir. 2015); *see* 28 U.S.C. § 1367(c)(3).  Any one of the factors listed in § 1367(c) is sufficient to give the district court discretion to dismiss a case's supplemental state law claims.  *Ameritox*, 803 F.3d at 532.  The *Gibbs* factors of judicial economy, convenience, fairness to the parties, and whether all claims would be expected to be tried together are evaluated under § 1367(c)(4).  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2006).  In *Palmer v. Hospital Authority of Randolph County*, we held the district court erred in dismissing the plaintiff's state law claims without analyzing the discretionary factors in § 1367(c).  22 F.3d 1559, 1567 (11th Cir. 1994).

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal, regardless of any subsequent change to the

9

amount in controversy. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

Where the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Pretka v. Koter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence. *Id.* at 754.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Sutherland's state law claims. First, the district court did not err in concluding it did not have original jurisdiction over Sutherland's state law claims. The only evidence Global provided to support its argument the amount in controversy met the jurisdictional threshold was a settlement offer from Sutherland made six months after the notice of removal was filed. Sutherland's settlement offer is not relevant to prove the amount at the time of the removal. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating while the district court may consider post-removal evidence in assessing jurisdiction, that evidence is allowable only if it is relevant to the time of removal). Sutherland's state court complaint alleged only that she had

10

lost approximately $25,000 due to Global's actions in 2015.  Global has offered no evidence the amount in controversy at the time of removal exceed that amount.  Its evidence Sutherland sought more damages six months after removal is not sufficient to prove the amount in controversy at the time of removal.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 & n.13 (11th Cir. 1994) (stating whether the plaintiff might seek or recover more damages after removal is not sufficient to prove the amount in controversy at the time of removal).  Accordingly, the district court did not have diversity jurisdiction over Sutherland's state-law claims.  *See* 28 U.S.C. § 1332.

Because it dismissed Sutherland's federal claims and did not have diversity jurisdiction, the district court did not err in concluding that 28 U.S.C. § 1367(c)(3) applied.  This finding was sufficient to allow the court to exercise its discretion without analyzing the other factors in § 1367(c).  *See Ameritox*, 803 F.3d at 532.  This case is distinguishable from *Palmer*, where this Court remanded for consideration of the discretionary factors in § 1367(c), because the district court here analyzed its decision under § 1367(c)(3).  *See Palmer*, 22 F.3d at 1567.  Further, the district court was not required to analyze the *Gibbs* factors, which are evaluated under § 1367(c)(4).  *See Ameritox*, 803 F.3d at 532; *Parker*, 468 F.3d at 745.  Nevertheless, it found the *Gibbs* factors weighed in favor of remand to state court.  Accordingly, because the district court analyzed the discretionary factors

11

and correctly concluded § 1367(c)(3) applied, it did not abuse its discretion by declining to exercise supplemental jurisdiction over Sutherland's state law claims.

## II.  CONCLUSION

The district court did not err in granting summary judgment to Global on Sutherland's FMLA interference and retaliation claims, nor did the district court err in granting summary judgment to Global on Sutherland's ADA claim.  The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Sutherland's state law claims.

**AFFIRMED.**