IN THE UNITED STATES DISTRICT COURT FOR 
 THE MIDDLE DISTRICT OF ALABAMA 
 SOUTHERN DIVISION 

YONG H. JONES, ) 
 ) 
 Plaintiff, ) 
 ) 
 v. ) CIVIL CASE NO. 1:20-cv-158-ECM 
 ) (WO) 
JASON DAVID ROOKS, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION and ORDER 

In this action, Plaintiff Yong Jones (“Jones”) alleges that on or about October 15, 
2017, she sustained injuries when she was a passenger that was rear-ended by Defendant 
Jason Rooks (“Rooks). (Doc. 1-1, ¶ 8). She initiated this suit on March 8, 2019, by filing 
a complaint in the Circuit Court of Coffee County, Alabama alleging that her injuries are 
the result of Rooks’ negligence. She seeks compensatory damages. (Id. at 4). 
On March 6, 2020, Rooks removed this case from state court on the basis of 
diversity jurisdiction. 28 U.S.C. §§ 1332 and 1441. Jones is a citizen of the State of 
Alabama, and Rooks is a citizen of the State of Texas. Although Jones seeks compensatory 
damages, her complaint does not specify an amount of damages. In his notice of removal, 
Rooks alleges that the Court has jurisdiction over this matter because the parties are citizens 
from different states and the “Plaintiff has clearly placed an amount in excess of $75,000 
at issue in this case.” (Doc. 1 at 2, ¶ 8). 
Although Jones has not filed a motion to remand, the Court sua sponte, ordered the 
parties to show cause why this case should not be remanded to the Circuit Court of Coffee 
County because neither the complaint nor the notice of removal contain any facts that 

would establish the probable value of the Plaintiff's claims for damages, and thus, the 
amount in controversy does not meet the jurisdictional minimum for the court to have 
jurisdiction over this matter. (Doc. 3). The parties filed responses to the Court's order. See 
Docs. 4 & 7. For the reasons that follow, the Court concludes that it does not have 
jurisdiction over this matter, and remands the case as improvidently removed. 

 STANDARD OF REVIEW 
Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. 
Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th 
Cir. 1994). This Court is “‘empowered to hear only those cases within the judicial power 
of the United States as defined by Article III of the Constitution,’ and which have been 

entrusted to them by a jurisdictional grant authorized by Congress.” Univ. of S. Ala. v. Am. 
Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 
1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject 
matter jurisdiction sua sponte “at the earliest possible stage in the proceedings.” Univ. of 
S. Ala., 168 F.3d at 410. “It is to be presumed that a cause lies outside this limited 

jurisdiction, and the burden of establishing the contrary rests upon the party asserting 
jurisdiction.” Kokkonen, 511 U.S. at 377. “When a case is removed to federal court, a 
removing defendant’s burden to establish federal jurisdiction is “a heavy one.” Pacheco 
 2 
de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). All questions or doubts as 
to subject matter jurisdiction are to be resolved in favor of returning the matter to state 
court. Burns, 31 F.3d at 1095. 

The Defendant removed this case solely based on the Court’s diversity jurisdiction. 
To establish diversity jurisdiction, the removing party must not only demonstrate that the 
parties are completely diverse, but, where the amount in controversy is not evident from 
the face of the complaint, that the amount in controversy exceeds the $75,000 jurisdictional 
minimum set by 28 U.S.C. § 1332. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 

(11th Cir. 2010). 
 DISCUSSION 
Relying on the Plaintiff’s initial complaint, Rooks removed this case on the basis of 
diversity jurisdiction. There is no dispute that complete diversity exists between the 
parties. They dispute, however, whether Jones’ damages exceed the jurisdictional 

threshold of $75,000 that is required when removal is based on § 1332(a). Rooks initially 
relies on Jones’ allegation that she is still experiencing “great physical pain and suffering,” 
to assert that her damages “clearly” exceed the jurisdictionally required $75,000.00. (Doc. 
1 at 2, ¶ 8). 
Jones disagrees, and asserts that Rooks has failed to unambiguously establish that 

the amount in controversy exceeds $75,000. (Doc. 13). Thus, the issue before the Court is 
whether the Defendant has met his burden of establishing that the amount in controversy 
exceeds $75,000.00. 
 3 
Because Rooks removed this case based on Jones’ complaint, the Court looks to the 
face of the complaint to determine whether it is apparent that Jones’ damages meet the 
jurisdictional requirement. In her complaint, Jones alleges that “[she] was injured when 

the stopped vehicle she was occupying was rear-ended by a 2017 Hyundai Elantra pickup 
truck being operated by the Defendant, JASON DAVID ROOKS.” (Doc. 1-1 at 3, ¶ 8). 
As the result of Rooks’ negligence,1 Jones alleges that she 
 . . . sustained serious and severe injuries to her body. Plaintiff 
 was caused to undergo medical treatment in and about an effort 
 to cure her injuries and damages; and, as a result of said injuries 
 she will be caused to undergo doctor, hospital and medical 
 treatment in the future. Said Plaintiff has suffered and 
 continues to suffer great physical pain and mental anguish and 
 will so suffer in the future; she has been caused to suffer much 
 mental and emotional strain and will so suffer in the future. 
 Plaintiff; YONG H. JONES, has been caused to expend sums 
 of money for doctor, hospital, drug, and therapy treatment in 
 and about an effort to cure her injuries and damages and upon 
 information and belief she will be caused to expend great sums 
 of money in the future for hospital, doctor, drug and therapy 
 treatment for her injuries and is entitled to recover for the same. 
 The Plaintiff seeks compensation for all the hereinabove 
 enumerated injuries and damages, past and future. 

(Doc. 1-1 at 3-4, ¶ 10). 
On the face of her complaint, Jones asserts she was injured and suffered damages, 
and she seeks compensatory damages. The complaint, however, contains no description 
of Jones’ injuries, and, Rooks presents no evidence of the severity of her injuries. 
Conspicuously absent from the complaint are any specific allegations from which one 

1 Contrary to Rooks’ assertion in his notice of removal, Jones does not allege wantonness and 
does not seek punitive damages. 
 4 
could draw any reasonable inference regarding the extent of Jones' injuries or her damages. 
Thus, it is not possible to discern from the complaint the nature or extent of Jones’ injuries. 
In Roe v. Michelin N. Am., Inc., the Eleventh Circuit held that, when a case is 

removed on the basis of an initial complaint that does not plead a specific amount of 
damages, the removing defendant is required to show by a preponderance of the evidence 
that more likely than not the amount in controversy exceeds the jurisdictional minimum. 
613 F.3d 1058, 1061 (11th Cir. 2010); see also Friedman v. New York Life Ins. Co., 410 
F.3d 1350, 1353 (11th Cir. 2005) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 

1281 n.5 (11th Cir. 2001)) (same). Under Roe, if a defendant does not provide evidence 
of the amount in controversy but alleges that removability is apparent from the face of the 
initial complaint, “the district court must evaluate whether the complaint itself satisfies the 
defendant's jurisdictional burden.” Roe, 613 F.3d at 1061. When the initial complaint does 
not include an unambiguous demand for a specific amount of damages, the removing 

defendant may satisfy its burden to establish subject matter jurisdiction, if, when the 
specific allegations of the complaint are viewed in light of “judicial experience and 
common sense,” it is apparent from the face of the complaint that, “more likely than not,” 
the case satisfies the jurisdictional minimum. Id. at 1061-62. 
Although Roe recognizes that “judicial experience and common sense” may support 

“reasonable inferences” drawn “from the pleadings” to determine whether “the case stated 
in [the] complaint meets federal jurisdictional requirements,” and Roe does not permit the 
Court to “suspend reality or shelve common sense” when making a jurisdictional 
 5 
determination, there must be some basis for “reasonable deductions, reasonable inferences 
or other reasonable extrapolations from the pleadings.” 613 F.3d at 1061-62. “Judicial 
experience and common sense” are useless for making reasonable deductions, inferences, 

and extrapolations when the complaint is devoid of any averments from which to deduce, 
infer, or extrapolate. “[W]ithout facts or specific allegations, the amount in controversy” 
can be determined “only through speculation—and that is impermissible.” Pretka, 608 F.3d 
at 753-54 (citing Lowery Ala. Power Co., 483 F.3d 1184, 1209 (11th Cir. 2007)). 
Due to the lack of any factual detail in the complaint indicating the nature or extent 

of Jones’ injuries or her compensatory damages, the Court declines to engage in 
“impermissible speculation” and “hazard a guess on the jurisdictional amount in 
controversy.” Pretka, 608 F.3d at 752. In the absence of evidence or specific factual 
allegations in the complaint upon which to reasonably determine the extent of Jones’ 
damages (i.e. a description of her injuries), the Court cannot simply assume that the amount 

in controversy in this case exceeds the jurisdictional minimum. “The absence of factual 
allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the 
existence of jurisdiction should not be divined by looking to the stars.” Pretka, 608 F. 3d 
at 753 (quoting Lowery, 483 F.3d at 1215). Thus, there is no evidence before the court 
from which it can determine the nature and extent of Jones' compensatory damages. 

In response to the Court’s show cause order, in an effort to establish the amount in 
controversy, Rooks attached medical billing records to his reply (doc. 7), and argues that 
the Court should consider these billing records to determine whether the amount in 
 6 
controversy is met. 
 If the jurisdictional amount is not facially apparent from the 
 complaint, the court should look to the notice of removal and 
 may require evidence relevant to the amount in controversy at 
 the time the case was removed.” Id.; see also, e.g., 16 James 
 Wm. Moore et al., Moore's Federal Practice § 107.14[2][g], at 
 107–86.4 to 107–86.5 (3d ed. 2010) (“When determining if the 
 defendant has satisfied this burden [to establish jurisdiction by 
 a preponderance of the evidence], the court will consider first 
 whether it is facially apparent from the complaint that the 
 jurisdictional amount is in controversy. If it is not, the court 
 may consider facts alleged in the notice of removal, judicial 
 admissions made by the plaintiffs, non-sworn letters submitted 
 to the court, or other summary judgment type evidence that 
 may reveal that the amount in controversy requirement is 
 satisfied.”). 

Pretka, 608 F.3d at 754. 
Rooks initially relied on the complaint to support removal. No evidence was 
submitted with the Notice of Removal, and Rooks did not assert that removal was proper 
based on receipt of “other papers” pursuant to 28 U.S.C. § 1446(b)(3). It was only after 
the Court raised the issue of the amount in controversy did he submit any additional 
evidence. Rooks conflates the availability of “other papers” evidence with his burden of 
establishing the amount of controversy based on the initial complaint. 
More importantly, however, even if the Court considered the billing records 
attached to Rooks’ reply, these records do not provide any assessment of Jones’ damages. 
The billing records are dated between October 2017 and January 31, 2018, and the records 
do not set forth any diagnoses, treatment, or prognoses. Nowhere in these billing records 
is there a detailed description of the medical treatment Jones received, or severity of her 
 7 
injuries. At this juncture, the only concrete amount before the Court is Jones’ medical bills 
in the amount of $21,747.77. This figure does not satisfy the amount in controversy 
requirement. See Simpson v. Primerica Life Ins. Co., 2017 WL 2857699 at *7 (M.D. Ala. 

2017) (finding that plaintiffs’ admission to seeking $21,456.77 in compensatory damages 
failed to unambiguously establish the minimum amount in controversy). 
Even applying “reasonable deductions, reasonable inferences, or other reasonable 
extrapolations” to Jones’ billing records, the Court cannot determine that the records 
unambiguously establish the amount in controversy. To find otherwise, the Court “would 

necessarily need to engage in impermissible speculation.” Lowery, 483 F.3d at 1220. At 
best, the billing records create uncertainty about the amount in controversy and “where 
plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of 
remand.” Burns, 31 F.3d at 1095. 
Finally, Rooks also urges the Court to consider the fact that Jones has not agreed 

that she would not seek more than $75,000.00 in damages as support for his position that 
her damages exceed the jurisdictional requirement. In Williams v. Best Buy Co., Inc., the 
Court recognized that “[t]here are several reasons why a plaintiff would not so stipulate, 
and a refusal to stipulate standing alone does not satisfy” a defendant's burden. 269 F.3d 
1316, 1320 (11th Cir. 2001). The mere fact that Jones has declined to stipulate that her 

damages are less than $75,000.00 is insufficient for the Court to conclude that it is more 
likely than not that her damages exceed that amount. 

 8 
 CONCLUSION 
Consequently, because the Court cannot conclude that the amount in controversy 
exceeds $75,000, the Court does not have jurisdiction over these proceedings, and this case 

must be remanded. Accordingly, it is 
ORDERED that this case is REMANDED to the Circuit Court of Coffee County as 
the case was improvidently removed to this Court. 
The Clerk of the Court is DIRECTED to take the action necessary to accomplish 
the remand of this case to the Circuit Court of Coffee County, Alabama. 

Done this 10th day of April, 2020. 

 /s/Emily C. Marks 
 EMILY C. MARKS 
 CHIEF UNITED STATES DISTRICT JUDGE 

 9